### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| **BoxMagic Media Corp.,** | ) | |
| | ) | Case No. 08 B 12628 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | Judge Carol A. Doyle |
| **Phillip D. Levey, Trustee in** | ) | |
| **Bankruptcy of the Estate of** | ) | |
| **BoxMagic Media Corp.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 10 A 01213 |
| | ) | |
| **Sean Cummins, Daniel J. Cummins,** | ) | |
| **and Margaret Cummins, a/k/a** | ) | |
| **Margaret T. Cummins,** | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

The plaintiff in this adversary proceeding, the Chapter 7 trustee of BoxMagic Media Corp., moves for summary judgment with respect to his claim in Count I under 11 U.S.C. § 547(b) and in Count IV under § 550(a)(1) and (2) to recover an allegedly preferential transfer from two of the defendants, Daniel J. Cummins and Margaret Cummins. For the following reasons, the court grants the motion.

**I. Background**

The following facts are undisputed:

Before an involuntary Chapter 7 petition was filed against the debtor on May 16, 2008, the debtor was in the business of importing a device called the "Adcalator" and negotiating agreements to install it on escalators. Sean Cummins was the debtor's Vice President. Daniel J. Cummins is his brother. Margaret Cummins is Sean and Daniel Cummins' mother.

Prior to and through April 25, 2006, Daniel Cummins made various loans to the debtor totaling $182,142.50. On October 25, 2007, with retroactive effect to April 25, 2006, the debtor and Daniel Cummins executed a promissory note and revolving loan agreement. The agreement memorialized the various loans from Daniel Cummins to the debtor and provided that the debtor would pay Daniel interest at 10% per annum and that the loan would be repaid on demand.

On or about October 25, 2007, in repayment of this note (and virtually simultaneously with the signing of the note), the debtor paid Daniel $210,136.32 by a check drawn on the debtor's bank account dated October 24, 2007. The following words were written on the back of the check:

> Daniel J. Cummins
> Pay to the Order of Margaret Cummins
> Margaret T. Cummins

The check was deposited in Margaret Cummins' account at JPMorgan Chase Bank, N.A. Margaret Cummins did not give anything to the debtor, Sean Cummins, or Daniel Cummins in exchange for the check and she did not report it as income.

The trustee filed a complaint to recover the October 25, 2007 transfer as a preference or in the alternative as a fraudulent conveyance. He brings this motion for summary judgment only on his preference claim under § 547 in Count I against Daniel Cummins to avoid the transfer and on his claim against Margaret Cummins to bring the transfer into the estate under § 550 in Count IV.

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), applicable via Fed. R. Bankr. P. 7056; *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491 (7th Cir. 2000). In making this determination, the function of the court is not to weigh evidence or make credibility determinations, but is solely "to determine whether there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The court draws all reasonable inferences from the underlying facts in a light most favorable to the nonmoving party. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000).

### III.    Preferential Transfers – Sections 547 and 550

Section 547 of the Bankruptcy Code provides that a trustee may avoid transfers to a creditor on account of an antecedent debt when the transfer was made to an insider of the debtor within one year before the date of filing of the petition. 11 U.S.C. § 547(b). To prove that a transfer of an interest in property of the debtor was preferential for purposes of § 547(b), the trustee must establish five elements: (1) that the transfer was to or for the benefit of a creditor; (2) for or on account of a debt owed by the debtor before the transfer was made; (3) made while the debtor was insolvent; (4) made within one year before the date of filing of the petition if the creditor at the time of the transfer was an insider; and (5) which enables the creditor to receive more than it would receive in a Chapter 7 case if the transfer had not been made. 11 U.S.C. § 547(b). If the debtor is a corporation, the term "insider" includes a director, officer, person in control of the debtor, or a relative of a director, officer or person in control of the debtor. 11 U.S.C. § 101(31)(B).

Section 550(a) allows the trustee to recover an avoided transfer from "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a).

The defendants admit the relevant facts supporting the trustee's prima facie case except that the debtor was insolvent at the time of the transfer. They also argue that the trustee has not met his burden of proof for recovering preferential transfers from insiders. Finally, they assert that the transfer occurred in the ordinary course and is, therefore, not recoverable by the trustee. None of these arguments has merit.

## IV.  Insolvency

First, in their response to the trustee's statement of facts, the defendants deny that the debtor was insolvent on the date of the transfer. They assert that the trustee has not proved insolvency "pursuant to the asset value versus liability value test." Def. Response to Plaintiff's Statement of Facts ¶17. The defendants failed to support this contention with citation to the statute, case law, or evidence demonstrating that there is a genuine issue of material fact with respect to insolvency.

The Bankruptcy Code defines "insolvency" as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation exclusive of – (i) property transferred, concealed or removed with intent to hinder delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title." 11 U.S.C. § 101(32). This is commonly referred to as the "balance sheet" test. *In re Taxman Clothing Co.,* 905 F.2d 166, 170 (7th Cir. 1990).

The trustee's evidence shows that at the time of the transfer, the debtor's total liabilities exceeded its total assets by more than $1 million. Ex. C. to Mot. for Summary Judgment, pp. 8-17. This is sufficient to prove insolvency under the Bankruptcy Code. The defendants have failed to refer to any evidence that contests the trustee's evidence. They have therefore failed to raise a genuine issue of material fact with respect to insolvency.

## V.	Reasonable Cause

The defendants also argue that the trustee may only avoid a transfer to an insider under § 547(b)(4)(B) if the insider had reasonable cause to believe the debtor was insolvent at the time the transfer was made. The defendants refer to the purported "historical and statutory notes" to § 547 in support of this contention but do not give any specific citation.

Prior versions of § 547 applied the year-long period for insiders only if the insider "had reasonable cause to believe the debtor was insolvent at the time of such transfer." *See Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1189 (7th Cir. 1989) (citing the 1983 version of § 547(b)(4)(B)(ii)). This qualification was removed from the statutory language. Thus, the trustee is not required to prove that the defendants had reasonable cause to believe the debtor was insolvent at the time of the transfer.

The trustees suggests in his reply that perhaps the defendants were referring to the affirmative defense available to a transferee in § 550(b), under which a trustee cannot recover from a transferee who (1) "took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) any immediate or mediate good faith transferee of such transferee." The defendants did not refer to this provision nor have they made any attempt to establish any of its elements so it does

not provide a basis for denying summary judgment. The court notes that the defendants have admitted that Margaret Cummins accepted the transfer without giving any value so she would not qualify for this exception in any event.

### VI.     Ordinary Course of Business Defense

The defendants argue for the first time in their response that the ordinary course of business defense applies. They failed to allege this affirmative defense in their answer. In support of this defense, they state that the transfer to Daniel Cummins was a valid and lawful repayment of a loan.

Section 547(c)(2) creates an exception to the trustee's avoidance powers for certain transactions made in the ordinary course of business. It provides that a trustee may not avoid a transfer "to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or (B) made according to ordinary business terms." 11 U.S.C. § 547(c)(2). To prevail on this affirmative defense, the defendant must show that the debts were incurred by the debtor in the ordinary course of business of the parties, and *either* (1) that the payments were made in the ordinary course of business between the parties *or* (2) that the payments were made according to ordinary business terms.

The defendants bear the burden of pleading and proving these elements. 11 U.S.C. § 547(g); *In re Colonial Discount Corp.*, 807 F.2d 594, 597 (7th Cir. 1986). The defendants have submitted no evidence demonstrating that the transfer was made in the ordinary course of

business. The fact that it was made to repay a valid loan does not establish the elements of this defense. The defendants have failed to bear their burden of pleading and proving this defense.

### VII.   Conclusion

For these reasons, the trustee's motion for summary judgment on Counts I and IV of the complaint will be granted. At the hearing on the motion on February 16, 2016, trustee's counsel requested leave to dismiss the remaining two counts of the complaint. A separate dismissal order will be entered with respect to those counts.

Dated:   February 22, 2012

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge